## Palko v. Fordson Coal Co. et al.

March 9, 1943.

G. R. Blackburn and Abner May for appellant.

Harman, Francis & Hobson for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant, an employee of appellee, was injured while working in a coal mine. In a hearing before the Workmen's Compensation Board he was awarded the maximum amount allowable for permanent and total

disability. After complying with the order by making payments amounting to more than $2,000, appellee offered to bear the expense of an operation, the result of which it is claimed would have enabled appellant to resume work in some capacity. The offer was rejected. The case was reopened for determination as to whether the award should be reduced because of appellant's refusal to submit to the operation. The board found that appellant's refusal was unreasonable; that the maximum improvement in his condition, had he submitted to the operation, would have been attained at the expiration of six months thereafter; and that two-thirds of his then total disability was due to the injuries and one-third was the result of his failure to submit to the operation. The circuit court reversed the finding, the judgment of which court, in turn, was reversed by this court, which decision inferentially directed the reinstatement of the award of the board. Fordson Coal Company v. Palko et al., 282 Ky. 397, 138 S. W. (2d) 456. Upon remand of the case to the circuit court, judgment was entered pursuant to the opinion in the above-styled case. No appeal was taken from that judgment. After entry of the last-mentioned judgment, appellant filed a motion to reopen the case upon seven grounds, all but two of which have been abandoned. The two grounds upon which appellant still relies are (1) the board was mistaken in its construction of the testimony of four physicians who had testified on the original hearing in behalf of appellant; and (2) the award should have been based upon the maximum compensation ($15 per week) allowable under the provisions of section 342.095, KRS, (Carroll's Kentucky Statutes, section 4897), instead of $12 per week, the maximum allowable under sections 342.105 and 342.110, KRS (Carroll's Kentucky Statutes, section 4899).

In support of the motion, appellant filed affidavits of the four physicians referred to above. The affidavits consist of expressions of opinions concerning the probable result of the operation, had appellant submitted thereto. The evidence contained in the affidavits is substantially the same as that given on the trial, although the conclusions of the witnesses are expressed more emphatically in the affidavits.

KRS 342.125, Carroll's Kentucky Statutes, section 4902, provides that the Workmen's Compensation Board may review any award and change or revoke a previous

award upon "a showing of change of conditions, mistake or fraud." The ground upon which a review in this case is sought is based solely upon mistake, that mistake being in the alleged misinterpretation of the testimony originally given by the doctors introduced in behalf of appellant. We would find it extremely difficult to sustain this contention since there is nothing in the record to show or to indicate that the Workmen's Compensation Board misinterpreted the testimony, even if (but which question it is unnecessary for us to decide) a misinterpretation of the testimony is the character of mistake contemplated by the wording of the statute. On the original trial, four doctors testified for appellee that in their respective opinions the operation proposed would have been successful and appellant's disability would have been reduced from the total degree to not less than twenty-five per centum nor more than fifty per centum thereof.

The record on the original trial and the opinion of this court thereon have been carefully perused by us. We are of the opinion that none of the original medical testimony is susceptible of misinterpretation, and although the testimony of Dr. Boland, in describing the operation, indicated that he did not understand the character of operation offered appellant, Dr. Boland's affidavit throws no further light on the question. The affidavits fail to support the motion for an additional reason: the opinions expressed are in respect to results which might have been expected to have been obtained, had the operation been performed at the time of the making of the affidavits; whereas, the question to be determined depends upon testimony concerning the probable outcome of the operation, had it been performed when offered, which was approximately three years previous to the making of the affidavits. Appellant may have been in such condition at the time the affidavits were made that an operation would produce no beneficial result; whereas, at the time the operation was offered his condition may have been susceptible of surgical relief. Thus, it will be seen, the board was without authority to reopen the case under the first contention.

The second ground upon which reversal is sought is that the judgment entered by the circuit court in pursuance to the opinion of this court erroneously based the award on the maximum fixed by section 342.095, KRS,

instead of the maximum fixed by sections 342.105 and 342.110, KRS; and that, by reason of this mistake, appellant is entitled to have the award increased from $8 per month to $10 per month. If a mistake has been made in this respect, it was a mistake of law in the judgment of the circuit court and correctible only by appeal. No appeal was taken from that judgment and the Compensation Board is without power to enter an order purporting to set aside a judgment of the circuit court.

The judgment is affirmed.